UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEENA S. FERRERRA,<br><br>                    Plaintiff,<br><br>       v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | No.  2:18-cv-03081 JAM CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the undersigned Magistrate Judge will recommend that plaintiff's motion for summary judgment's be granted and the Commissioner's cross-motion for summary judgment be denied.

BACKGROUND

Plaintiff, born in 1964, applied on July 19, 2014 for SSI and disability insurance benefits, alleging disability beginning June 30, 2014.  Administrative Transcript ("AT") 16, 27.  Plaintiff alleged she was unable to work due to post-traumatic stress syndrome, depression, bipolar disorder, hepatitis C, diabetes, neuropathy in her hands and feet, and a diabetic ulcer on her right foot followed by infection and amputation.  AT 22, 85.  In a decision dated December 15, 2017,

      impairments in 20 CFR Part 404, Subpart P, Appendix 1.

      5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except she is limited to simple routine tasks, to simple workplace decisions, and to frequent interaction with the public. She is limited to occasional use of foot controls and frequent handling and fingering, bilaterally. The claimant requires a sit-stand option alternating every 45 minutes with time off-task.

      6. The claimant is unable to perform any past relevant work.

      7. The claimant was born on XX/XX 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

      8. The claimant has at least a high-school education and is able to communicate in English.

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

      11. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2014, through the date of this decision.

AT 16-28.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ improperly weighed the medical opinion evidence; (2) the ALJ improperly rejected plaintiff's testimony; and (3) the ALJ's Step Five finding is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

   A.  Credibility

The undersigned first reviews plaintiff's claim that the ALJ failed to provide legally sufficient reasons to discount plaintiff's credibility as to her subjective symptoms.

Citing hearing testimony and the record, the ALJ summarized plaintiff's subjective statements as follows:

> The claimant alleges experiencing constant thoughts of suicide, constant bilateral foot pain, crying spells, tingling in the hands, decreased grip strength, difficulty doing activities requiring fine manipulation, and difficulty sitting for long periods. She claims that she is unable to feel her toes and feet and has a limited ability to walk and stand. She claims that she needs to use a wheelchair due to a foot ulcer followed by amputation surgery. She claims that her conditions affect her ability to sleep, lift, squat, bend, stand, reach, walk, kneel, talk, climb stairs, see, remember, complete tasks, concentrate, and use her hands.

AT 22.  Following this summary, the ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AT 22.

The ALJ next summarized the medical opinion evidence as to physical impairment, giving no weight to the 2015 opinions of the state agency consultants "because evidence entered into the record after the doctors issued their opinions supports a finding of severe impairments with significant limitations."  AT 23.  The ALJ gave partial weight to the opinion of examining physician Dr. Shahid Ali, who performed a comprehensive internal medicine evaluation of plaintiff in April 2017 and opined as to her functional limitations.[2]  AT 23, citing AT 836-846.

The ALJ then summarized the medical record as to physical impairment.  AT 23-24.  The record indicated that plaintiff had a diabetic right foot ulcer in 2015, that her diabetes was "uncontrolled secondary to poor medication compliance and poor diet," and that she was hospitalized twice in 2015, the second time for amputation of her second left toe after her feet became infected after sustaining burns.  AT 23.  The ALJ further noted that plaintiff started treatment with an endocrinologist in April 2016 but, by November 2016, "had not seen her endocrinologist for several months."  AT 23-24.  The ALJ noted Dr. Ali's April 2017 finding that plaintiff "sat comfortably; was able to walk into the exam room, get on and off the exam table, and take her shoes off and on without difficulty; and had negative straight leg raises, normal deep tendon reflexes in the upper and lower extremities, and intact cranial nerves."  AT 24, citing AT 836-846.

"Based upon the claimant's subjective complaints, her treatment history with gaps in treatment, her noncompliance with diabetic treatment, the endocrinologist treatment notes with overall negative findings, and her varied activities of daily living . . . , the undersigned finds the claimant's physical impairments to be well-accommodated for by the residual functional capacity," the ALJ concluded.  AT 24.  While the ALJ incorporated plaintiff's subjective

---

[2] The ALJ's weighing of medical opinions is the subject of a separate claim.

5

complaints into the RFC to some unknown degree, the decision did not explain what parts of plaintiff's physical symptom testimony were not credible, or how the credited opinion evidence and/or medical record cast doubt on plaintiff's testimony as to her symptoms.

The ALJ next turned to the opinion evidence as to mental impairment. AT 24-25. The ALJ assigned various weights to these opinions and plaintiff's Global Assessment of Function (GAF) scores, which indicated "serious impairment in social, occupational, or school functioning" (AT 25), but did not relate them back to plaintiff's testimony or explain how the credited opinions undercut plaintiff's statements about her symptoms. Similarly, the ALJ summarized the mental health treatment record but did not explain what parts of the record rendered plaintiff's subjective testimony less than credible. AT 25-26.

Earlier in the decision, the ALJ explained why she declined to credit two specific statements by plaintiff. "[Plaintiff] claims that she does not spend time with others," the ALJ wrote, "but she also has no problems getting along with family, friends, neighbors, or others. She has never been fired or laid off from a job because of problems getting along with other people." AT 20, citing AT 276-283. "[Plaintiff] claims that she does not finish what she starts," the ALJ noted, citing in contrast plaintiff's normal thought processes, normal mental status examinations, and ability to do simple math and spelling problems. AT 20-21. This reasoning factored into the ALJ's conclusion that plaintiff had no more than moderate limitations in interacting with others, concentrating, persisting, or maintaining pace. AT 20-21. Yet, the ALJ's decision did not assess how plaintiff's other subjective complaints stacked up against the record evidence. The ALJ concluded that plaintiff's mental limitations were "well-accommodated for by the [RFC] based on [plaintiff's] subjective complaints" and several other factors. AT 26.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

In Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015), the Ninth Circuit held that an ALJ's failure "to identify the testimony she found not credible" and "link that testimony to particular parts of the record supporting her non-credibility determination" was legal error. See also Treichler v. Comm'r of Soc. Sec., 775 F.3d 1090, 1102-1103 (9th Cir. 2014) (ALJ's failure to "specifically identify the testimony" he found not credible was error; boilerplate statement that symptoms were not credible to the extent they were inconsistent with the RFC was insufficient); Morsea v. Berryhill, 725 Fed. Appx. 463, 465 (9th Cir. Feb. 12, 2018) (unpublished) (ALJ "failed to identify the testimony from the claimant found not credible and explain what evidence

undermined his testimony. Although the ALJ summarized claimant's testimony and also summarized the medical evidence in the record, the findings were general in nature, which is insufficient for an adverse credibility determination."), citing Treichler, 775 F.3d at 1102.

Here, the ALJ concluded that plaintiff's subjective statements about her symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AT 22. But "[a]n ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient[.]" Treichler, 775 F.3d at 1103 (internal quotations and citation omitted). "The ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints." Id., citing Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotations omitted). Thus, the ALJ's general references to the medical record and opinion evidence, at least some of which could be read to support plaintiff's testimony, are not legally sufficient reasons to discount her credibility. The undersigned finds that plaintiff is entitled to summary judgment on this claim.[3]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

---

[3] These findings and recommendations do not reach the remaining claims.

8

1    403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

2    proceedings would serve no useful purpose, it may not remand with a direction to provide

3    benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is

4    uncertain and ambiguous, the proper approach is to remand the case to the agency.").

5        Here, the record as a whole creates serious doubt as to whether plaintiff was disabled

6    during the relevant period.  On remand, the ALJ is free to develop the record as needed, including

7    asking a vocational expert hypothetical questions about available jobs based on a revised RFC.

8    The court expresses no opinion regarding how the evidence should ultimately be weighed, and

9    any ambiguities or inconsistencies resolved, on remand.  The court also does not instruct the ALJ

10   to credit any particular opinion or testimony.  The ALJ may ultimately find plaintiff disabled

11   during the entirety of the relevant period; may find plaintiff eligible for some type of closed

12   period of disability benefits; or may find that plaintiff was never disabled during the relevant

13   period, provided that the ALJ's determination complies with applicable legal standards and is

14   supported by the record as a whole.

15       Thus, the undersigned will order that this matter be remanded under sentence four of 42

16   U.S.C. § 405(g) for further administrative proceedings.

17       For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

18       1. Plaintiff's motion for summary judgment (ECF No. 17) be granted;

19       2. The Commissioner's cross-motion for summary judgment (ECF No. 18) be denied;

20       3. This matter be remanded for further proceedings consistent with these findings and

21   recommendations.

22       These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

27   /////

28   /////

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ferrerra3081.ckd_f&rs